UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　CASE NO. 2:11-cr-114-FtM-29SPC

DEBRA ROGGOW


**GOVERNMENT'S MOTION TO QUASH SUBPOENA
SERVED BY DEFENDANT AND
DIRECTED TO AGENTS AND AGENCIES OF THE UNITED STATES**

The United States of America, hereby moves to quash the subpoena served upon government agent Amber Baginski on June 5, 2012, by the defendant, Debra Roggow, requesting "All boxes of patient files seized from 13750 Plantation Road, Ft. Myers, FL, Unit #4062 on March 30, 2011."

**Objections to Subpoena**

The government's opposition to the subpoenas essentially centers on the request for production of documents as described in the subpoena. The Defendant was given complete access to these documents, which constitute an entire room of patient files. The Defendant took advantage of that access, and over a number of days, decided what documents they wished to copy, and made arrangements to have them copied. The Government, as is necessary and appropriate, provided access, a conference room for the defense, and security in regard to the evidence.

After talking with the defense about the subpoena, the Defendant wishes

to have the entire room of documents brought somewhere in the Federal Courthouse, and have unfettered and unsecured access to those boxes upon boxes of files.

The defendant essentially seeks, by the subpoena, something that is physically difficult to complete, or attempt (in terms of requested space in the courthouse with unfettered access by the defense), and improper, (in light of their previous complete access to the same files.) The subpoena reflects the Defendant's hope that a random search will lead to some unknown item helpful to the Defendant's cause. For this reason, the United States moves to quash the subpoena in its entirety because a search and production pursuant to the subpoenas, even for in camera inspection to determine relevance, would be unduly burdensome for the witnesses as well as the Court.

It is indisputable that Fed. R. Crim. P. 17 is not a general discovery device. United States v. Nixon, 418 U.S. 683, 698-700 (1976); Bowman Dairy Co. v. United States, 341 U.S. 214, 219-221 (1951); United States v. Arditti, 955 F.2d 331, 346 (5th Cir. 1992), cert. denied, 506 U.S. 998; United States v. Ferguson, 37 F.R.D. 6 (D.D.C. 1965); United States v. Haug, 21 F.R.D. 22, 26 (N.D. Ohio 1957), cert. denied, 365 U.S. 811 (1961).

Under Rule 17(c), the Court may quash an "unreasonable and oppressive" subpoena. Moreover, the Court may require a showing by the party issuing the subpoena that the subpoena meets the standards originally announced by Judge

Weinfeld in United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y. 1952) and endorsed by the Supreme Court in United States v. Nixon, 418 U.S. 683, 698-700 (1974):

> . . . cases decided in the wake of Bowman have generally followed Judge Weinfeld's formulation in United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y. 1952), as to the required showing. Under this test, in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; (4) that the application is made in good faith and it is not intended as a general "fishing expedition."

Rule 16 defines the permissible limits of discovery in criminal cases, see e.g., United States v. Buckley, 586 F.2d 498, 506 (5th Cir. 1978), and it is impermissible to use subpoenas issued under Rule 17 to circumvent the proscriptions of Rule 16. See e.g., United States v. Ferguson, 37 F.R.D. 6 (D.D.C. 1965) ("Rule 17 is not a rule for discovery. The only discovery and inspection permitted in a criminal case is that provided by Rule 16, and it is of a very limited nature.") As noted above, the United States has complied in all respects with Rule 16.

A subpoena under Rule 17(c) must have a "precise target" and will be quashed where it is merely a "fishing expedition." U.S. Dubrow, 201 F. Supp. 101, 104 (D. Mass. 1962). Documents subpoenaed must be relevant to a valid defense. See United States v. Reed, 726 F.2d 570, 599 (9th Cir. 1984).

3

## **CONCLUSION**

For the foregoing reasons, the subpoena should be quashed.

                                        Respectfully submitted,

                                        ROBERT E. O'NEILL
                                        United States Attorney

By:    *s/ Douglas Molloy*
       DOUGLAS MOLLOY
       Assistant United States Attorney
       Bar No. 0316717
       2110 First Street, Suite 3-137
       Fort Myers, Florida  33901
       Telephone:   (239) 461-2200
       Facsimile:    (239) 461-2219
       E-mail:douglas.molloy@usdoj.gov

U.S. v. DEBRA ROGGOW    Case No. 2:11-cr-114-FtM-29SPC

**<u>Certificate of Service</u>**

I hereby certify that on June 6, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

> Lee Hollander
> leehollander@hollanderandhanuka.com
>
> Amira Fox
> amira@foxramunni.com

                                              Douglas Molloy
                                              Assistant United States Attorney