UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**UNITED STATES OF AMERICA**

vs. 2:11-cr-114-FtM-29DNF

**DEBRA ROGGOW,**

_____

## VERDICT FORM

1. As to Count One of the Indictment, which charges that on or between August 2000, through May 2009, in Lee County, Florida the defendant Debra Roggow did knowingly act outside the course of professional practice by dispensing quantities of Hydromorphone, a Schedule II Controlled Substance, and Clonazepam, a Schedule IV Controlled Substance to patient Patricia Scott in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), we the Jury unanimously find Defendant Debra Roggow:

| | | | |
|---|---|---|---|
| _____ | NOT GUILTY (Hydromorphone) | _____ | GUILTY (Hydromorphone) |
| _____ | NOT GUILTY (Clonazepam) | _____ | GUILTY (Clonazepam) |

2. As to Count Two of the Indictment, which charges that on or between January 2002, through December 2010, in Lee County, Florida the defendant <u>Debra Roggow</u> did knowingly act outside the course of professional practice by dispensing quantities of Oxycodone and Percocet, Schedule II Controlled Substances, and Diazepam, a Schedule IV Controlled Substance, to patient Jeff Giampolo in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C, we the Jury unanimously find Defendant <u>Debra Roggow</u>:

| | | | |
|---|---|---|---|
| _____ | **NOT GUILTY (Oxycodone)** | _____ | **GUILTY (Oxycodone)** |
| _____ | **NOT GUILTY (Percocet)** | _____ | **GUILTY (Percocet)** |
| _____ | **NOT GUILTY (Diazepam)** | _____ | **GUILTY (Diazepam)** |

3. As to Count Three of the Indictment, which charges that on or between May 2007, through January 2010, in Lee County, Florida, the defendant <u>Debra Roggow</u> did knowingly act outside the course of professional practice by dispensing quantities of Oxycodone, a Schedule II Controlled Substance, quantities

of Hydrocodone, a Schedule III Controlled Substance, and Clonazepam, a Schedule IV Controlled Substance to patient Susan Helton in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)((C), we the Jury unanimously find Defendant **Debra Roggow**:

_____   **NOT GUILTY**           _____   **GUILTY**
           **(Oxycodone)**                      **(Oxycodone)**

_____   **NOT GUILTY**           _____   **GUILTY**
           **(Hydrocodone)**                    **(Hydrocodone)**

_____   **NOT GUILTY**           _____   **GUILTY**
           **(Clonazepam)**                     **(Clonazepam)**

DRAFT

4. As to Count Four of the Indictment, which charges that on or between September 2009 through December 2010, in Lee County, Florida, the defendant **Debra Roggow** did knowingly act outside the course of professional practice by dispensing quantities of Oxycodone, a Schedule II Controlled Substance, and Hydrocodone, a Schedule III Controlled Substance to patient Charles Farabee in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), we the Jury unanimously find Defendant **Debra Roggow**:

| | NOT GUILTY (Oxycodone) | | GUILTY (Oxycodone) |
|---|---|---|---|

| | NOT GUILTY (Hydrocodone) | | GUILTY (Hydrocodone) |
|---|---|---|---|

5. **As to Count Five of the Indictment, which charges that on or between January 2003, through December 2007, in Lee County, Florida, the defendant <u>Debra Roggow</u> did knowingly act outside the course of professional practice by dispensing quantities of Hydromorphone and Morphine, Schedule II Controlled Substances, to patient Lori Corrochano in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), we the Jury unanimously find Defendant <u>Debra Roggow</u>:**

| | NOT GUILTY (Hydromorphone) | | GUILTY (Hydromorphone) |
|---|---|---|---|

| | NOT GUILTY (Morphine) | | GUILTY (Morphine) |
|---|---|---|---|

6. **As to Count Six of the Indictment, which charges that on or between October 2005, through March 2010, in Lee County, Florida, the defendant <u>Debra Roggow</u> did knowingly act outside the course of professional practice by dispensing quantities of Oxycodone, a Schedule II Controlled Substance, to patient**

4

Robert Goldstein in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), we the Jury unanimously find Defendant <u>Debra Roggow</u>:

| _____ | **NOT GUILTY** | _____ | **GUILTY** |
|---|---|---|---|
| | **(Oxycodone)** | | **(Oxycodone)** |

7. As to Count Seven of the Indictment, which charges that on or between November 2007, through March 2010, in Lee County, Florida, the defendant <u>Debra Roggow</u> did knowingly act outside the course of professional practice by dispensing quantities of Oxycodone, a Schedule II Controlled Substance, to patient Michelle Goldstein in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), we the Jury unanimously find Defendant <u>Debra Roggow</u>:

| _____ | **NOT GUILTY** | _____ | **GUILTY** |
|---|---|---|---|
| | **(Oxycodone)** | | **(Oxycodone)** |

8. As to Count Eight of the Indictment, which charges that on or between January 2005, through February 2010, in Lee County, Florida, the defendant <u>Debra Roggow</u> did knowingly act outside the course of professional practice by dispensing quantities of Oxycodone and Fentanyl, Schedule II Controlled Substances,

to patient Elizabeth Izzo in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), we the Jury unanimously find Defendant **Debra Roggow**:

| | | | |
|---|---|---|---|
| _____ | **NOT GUILTY (Oxycodone)** | _____ | **GUILTY (Oxycodone)** |
| _____ | **NOT GUILTY (Fentanyl)** | _____ | **GUILTY (Fentanyl)** |

9. As to Count Nine of the Indictment, which charges that on or between February 2003, through March 2010, in Lee County, Florida, the defendant **Debra Roggow** did knowingly act outside the course of professional practice by dispensing quantities of Oxycodone, Fentanyl, and Hydromorphone, Schedule II Controlled Substances, to patient Amy Amsberry in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), we the Jury unanimously find Defendant **Debra Roggow**:

| | | | |
|---|---|---|---|
| _____ | **NOT GUILTY (Oxycodone)** | _____ | **GUILTY (Oxycodone)** |
| _____ | **NOT GUILTY (Fentanyl)** | _____ | **GUILTY (Fentanyl)** |
| _____ | **NOT GUILTY (Hydromorphone)** | _____ | **GUILTY (Hydromorphone)** |

DRAFT

**10.  As to Count Ten of the Indictment, which charges that on or between November 2004, through December 2010, in Lee County, Florida, the defendant <u>Debra Roggow</u> did knowingly act outside the course of professional practice by dispensing quantities of Morphine, a Schedule II Controlled Substance, and Clonazepam, a Schedule IV Controlled Substance to patient Tony Brooks in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), we the Jury unanimously find Defendant <u>Debra Roggow</u>:**

| | | | |
|---|---|---|---|
| _____ | **NOT GUILTY**<br>**(Morphine)** | _____ | **GUILTY**<br>**(Morphine)** |
| _____ | **NOT GUILTY**<br>**(Clonazepam)** | _____ | **GUILTY**<br>**(Clonazepam)** |

**SO SAY WE ALL.**

_____
**DATE**

_____
**JURY FOREPERSON**